**IN THE U.S. COURT FOR
THE DISTRICT OF MARYLAND**

| | |
|---|---|
| The **ESTATE OF** )<br>**DOROTHY THOMSON,** )<br>By and through Vicky Rakestraw and )<br>Darcy Horvat as Co-Personal )<br>Representatives of the Estate, )<br>)<br>**Plaintiff;** )<br>**v.** )<br>)<br>**TOYOTA MOTOR CORP,** )<br>   1 Toyota-Cho, Toyota City, )<br>   Aichi Prefecture 471-8571, Japan )<br>)<br>**&** )<br>)<br>**THRIFTY RENT-A-CAR** )<br>**SERVICE, INC,** )<br>   c/o C T Corporation System, )<br>   300 E Lombard St, )<br>   Baltimore, MD 21202; )<br>)<br>**Defendants.** ) | Case No. 1:08-cv-02467<br><br>Judge _____<br><br><br>**COMPLAINT**<br><br>**JURY DEMAND HEREON** |

NOW COMES the Plaintiff, the ESTATE OF DOROTHY THOMSON, by and through counsel, Clapp, Desjardins & Ely, PLLC, and files the within Complaint in Civil Action and state as follows:

**PARTIES AND JURISDICTION**

1. At all times mentioned herein, Dorothy Thomson, lived in Ohio at 12253 Hillcrest, Ashland, OH.

2. At all times mentioned herein, the ESTATE OF DOROTHY THOMSON is an estate operating and administered under the laws of the state of Ohio.

3. At all times mentioned herein, Vicky Rakestraw and Darcy Horvat are the co-personal representatives of the ESTATE OF DOROTHY THOMSON.

4. At all times mentioned herein, Colleen Miller, Vicky Rakestraw, Darcy Horvat, and James Thomson, are the beneficiaries of the ESTATE OF DOROTHY THOMSON.

5. At all times relevant Defendant TOYOTA MOTOR CORP. (hereinafter referred to as "TOYOTA") is a corporation organized and existing under the laws of Japan, with its principle place of business at 1 Toyota-Cho, Toyota City, Aichi Prefecture 471-8571, Japan. Defendant TOYOTA regularly conducts business in the State of Maryland.

6. At all times mentioned herein, Defendant THRIFTY RENT-A-CAR SERVICE, INC. (hereinafter referred to as "THRIFTY") is a corporation incorporated under the laws of Oklahoma, with its principle place of business located at 2400 N. Sheridan Rd., P.O. Box 51069, Tulsa, OK 74151. Defendant THRIFTY regularly conducts business in the State of Maryland.

7. At all times relevant to this suit, the SAFY Trust was an agent of the Defendant THRIFTY, operating the THRIFTY's car rental business in the regular course of their representation of THRIFTY.

8. On information and belief, Defendant THRIFTY purchased, or, in the alternative, assisted their Agent, SAFY Trust, in the purchase of the vehicle in which Dorothy Thomson was traveling.

9. The District Court has diversity jurisdiction over the claims against Defendants TOYOTA and THRIFTY pursuant to 28 U.S.C. § 1332(a), founded on the diversity of

citizenship between the Plaintiff, who is a citizen of the State of Ohio, and the Defendants TOYOTA and THRIFTY, businesses incorporated in Japan and Oklahoma (respectively) and whose principle places of business are in Japan and Oklahoma (respectively). The amount in controversy in this action exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs.

10. Venue is proper in the District of Maryland, pursuant to 28 U.S.C. § 1391(a)(3), as both Defendant's are subject to personal jurisdiction within this judicial district.

## GENERAL COUNT

11. On or about the morning of October 3, 2005, Dorothy Thomson was traveling on R62 near Uniondale, South Africa in a Toyota Condor sport utility vehicle (SUV).

12. The Toyota Condor is an SUV designed, produced and sold by the Defendant TOYOTA.

13. The Toyota Condor in which Dorothy Thomson was traveling was rented from Defendant THRIFTY.

14. While in motion at highway speeds, the brake drum on the left rear wheel of the Condor malfunctioned and seized, causing the vehicle to swerve violently to the left before entering an uncontrollable spin.

15. With the rear brake locked, the Condor became uncontrollable and flipped, causing it to leave the roadway and strike a pole.

16. Dorothy Thomson was knocked unconscious as the vehicle flipped, and awoke on the side of the road suffering from multiple injuries.

17. Dorothy Thomson was transported to George Medi-Clinic ER Unit, regained consciousness and was under the car of physicians for one week.

18. As a direct result of this incident, Dorothy Thomson R suffered severe injuries, intense physical pain and suffering, shock, mental anguish, and fear in anticipation of bodily injury or death.

19. As a proximate result of this incident, Dorothy Thomson died on October 9, 2006 due to complications arising from her injuries and circumstances surrounding the accident.

20. As a direct result of this incident, the ESTATE OF DOROTHY THOMSON incurred medical expenses.

21. As a direct result of this incident, the ESTATE OF DOROTHY THOMSON has incurred additional expenses including, but not limited to, repatriation of remains and Funeral and Burial costs.

## COUNT I
### NEGLIGENCE AS TO DEFENDANT TOYOTA

22. Plaintiff hereby realleges and re-avers the allegations contained in the foregoing paragraphs as if fully rewritten herein.

23. Defendant TOYOTA had a duty to use reasonable care in the design and construction of a safe vehicle and/or brake system for all foreseeable uses.

24. Defendant breached the aforementioned duties and obligations of care and was negligent, careless, and reckless for reasons including, but not limited to, the following acts and/or omissions:

    a. By failing to properly supervise the assembly of the vehicle and/or brake system in question;

    b. By failing to ensure that safe and proper materials were incorporated into the vehicle and/or brake system assembly;

    c. By failing to inspect and/or test the materials used in assembly of the vehicle and/or brake system;

    d. By failing to ensure the safe and proper design of the vehicle and/or brake system in question;

    e. By failing to specify and require that manufacturers provide components that are safe and proper for assembly of the vehicle and/or brake system in question;

    f. By incorporating and utilizing unsafe materials, possibly including an unsafe vehicle and/or brake system;

    g. By other negligent, reckless, and careless acts and/or omissions as yet discovered and defined.

25. The injuries suffered by the Plaintiff were the direct and proximate result of the negligent acts or omissions of Defendant TOYOTA as set forth herein.

## COUNT II
### NEGLIGENCE AS TO DEFENDANT THRIFTY

26. Plaintiff hereby realleges and re-avers the allegations contained in the foregoing paragraphs as if fully rewritten herein.

27. Defendant THRIFTY had a duty to use reasonable care in selecting and providing a vehicle which was safe for all foreseeable uses.

...

28. Defendant THRIFTY breached the aforementioned duty to use reasonable care and was negligent, careless and reckless for reasons including, but not limited to, the following acts and/or omissions:

   a. By approving the TOYOTA Condor as a safe vehicle to be used by THRIFTY and/or its agents;

   b. By purchasing or, in the alternative, helping its agent SAFY Trust to purchase a defective vehicle;

   c. By failing to ensure that the vehicle it was purchasing, or in the alternative, which it helped its agent SAFY Trust to purchase, was safe and without defects;

   d. By failing to properly inspect and/or properly test the vehicle, and its components and systems, or, in the alternative, failing to ensure that its agent SAFY Trust do the same;

   e. By failing to protect or at best warn its customers adequately by allowing the vehicle to be rented in a defective state that made it highly susceptible to accidents;

   f. By failing to properly supervise its agent SAFY Trust;

   g. By other negligent, reckless, and careless acts and/or omissions as yet discovered and defined.

29. The injuries suffered by the Plaintiff were the direct and proximate result of the negligent acts or omissions of Defendant THRIFTY and its agent SAFY Trust, as set forth herein.

**COUNT III**

## STRICT LIABILITY AS TO BOTH DEFENDANTS

30. Plaintiff hereby realleges and re-avers the allegations contained in the foregoing paragraphs as if fully rewritten herein.

31. Defendants TOYOTA and THRIFTY expected the aforementioned vehicle to be utilized by individuals such as Dorothy Thomson.

32. Defendant THRIFTY supplied the vehicle to SAFY Trust by either purchasing the Toyota Condor for SAFY Trust, or in the alternative, helping SAFY Trust to purchase the Toyota Condor.

33. During all times material and relevant to the claims herein, the vehicle was defective by design and/or manufacture to include a defective brake system, making said vehicle and unreasonably dangerous, and not safe for its intended use.

34. The vehicle was in a defective condition when the Defendants TOYOTA and THRIFTY, through and by their deliberate acts and/or omissions designed, manufactured, marketed, and placed said vehicle into the stream of commerce for ultimate use by Dorothy Thomson.  The same condition of the vehicle existed and remained unchanged during its use by THRIFTY's agent SAFY Trust, and Dorothy Thomson.

35. The injuries suffered by the Plaintiff were the direct and proximate result of the defective condition of the vehicle.

36. Defendants TOYOTA and THRIFTY are strictly liable for all injuries and damages caused by the vehicle's defective condition, pursuant to Section 402A of the Restatement (Second) of Torts.

## COUNT IV

## BREACH OF WARRANTY AS TO BOTH DEFENDANTS

37. Plaintiff hereby realleges and re-avers the allegations contained in the foregoing paragraphs as if fully rewritten herein.

38. Defendants TOYOTA and THRIFTY are subject to an implied warranty of merchantability and/or an express warranty, under which any goods placed into the stream of commerce by the Defendants must be fit for the ordinary purposes for which such goods are used.

39. Defendants TOYOTA and THRIFTY expected that the subject vehicle would be utilized by individuals such as Dorothy Thomson in the same or similar manner in which Dorothy Thomson was using it at the time of the crash.

40. The vehicle was defective by design and/or manufacture as it included a defective brake system, and should not have been placed into the stream of commerce. These defects rendered the vehicle unreasonably dangerous and therefore unfit for the ordinary purpose for which it was designed.

41. As such, Defendants TOYOTA and THRIFTY breached an express warranty and/or an implied warranty of merchantability.

## COUNT V
## WRONGFUL DEATH

42. Plaintiff hereby realleges and re-avers the allegations contained in the foregoing paragraphs as if fully rewritten herein.

43. Vicky Rakestraw and Darcy Horvat bring this claim as Co-Administrators of the ESTATE OF DOROTHY THOMSON for the wrongful death of the Decedent, Dorothy Thomson, for the benefit of the estate of the Decedent and on behalf of all beneficiaries.

44. Due to the negligent and/or other wrongful acts of the Defendants TOYOTA and THRIFTY, the vehicle in which Dorothy Thomson was traveling, crashed and killed Dorothy Thomson.

45. No more than three years have elapsed since the accident that created this cause of action for wrongful death.

46. As a direct result of Defendants' negligent and/or other wrongful acts, the ESTATE OF DOROTHY THOMSON has incurred expenses related to medical treatment, repatriation of remains, and funeral and burial costs, as well as suffering the loss of the companionship, society and comfort of the deceased, Dorothy Thomson, and thus seek recovery thereof.

## COUNT VI
### SURVIVAL ACTION

47. Plaintiff hereby realleges and re-avers the allegations contained in the foregoing paragraphs as if fully rewritten herein.

48. Vicky Rakestraw and Darcy Horvat bring this claim as Co-Administrators of the ESTATE OF DOROTHY THOMSON for the injuries and damages sustained by Decedent prior to her death, for the benefit of the estate of the Decedent.

49. As a direct and proximate result of the foregoing actions and/or omissions of the Defendants, Decedent, Dorothy Thomson, suffered personal and pecuniary damages, including conscious pain and suffering, psychological trauma, and anticipation of her death, prior to her death, which resulted in physical manifestations; and had she survived, she would have been entitled to bring an action for such damages as though said action has survived her.

WHEREFORE, Plaintiffs the ESTATE OF DOROTHY THOMSON demands judgment in their favor and against Defendants TOYOTA and THRIFTY to recover damages for:

a) Dorothy Thomson's severe injuries, intense physical pain and suffering, shock, mental anguish, and fear in anticipation of bodily injury and/or death;

b) Special damages for medical expenses, funeral expenses, and repatriation of remains arising from this suit in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs; and

c) Any and all other additional relief as the Court deems proper.

**JURY TRIAL DEMANDED ON ALL ISSUES TRIABLE BY A JURY.**

Respectfully submitted this 19th day of September, 2008.

        CLAPP, DESJARDINS & ELY, PLLC

        /s/ Douglas Desjardins
        Douglas P. Desjardins (MD I.D. #13625);
        CLAPP, DESJARDINS & ELY, PLLC
        444 North Capitol St., NW
        Hall of the States, Suite 828
        Washington, D.C. 20001
        (202) 638-5300
        dpd@cdelaw.net

        *Attorney for Plaintiff,*
        ESTATE OF DOROTHY THOMSON